*THOMPSON* vs. *LINTON* & *AL.*

APPEAL from the court of the first district.

If, in a con-
tract, certain
advantages      MATHEWS J. delivered the opinion of the
be stipulated
in favor of a  court. This suit is brought against certain
third person,
in considera  pilots, resident at the Balize, on a contract or
tion of servi-
ces to be by  agreement entered into amongst themselves,
him perform-
ed, the par-  in relation to the employment of boats in their
ties may al-
ter their     business of piloting; by which they stipulated
minds, provi-
ded he be not that the boats or vessels employed should
injured in re-
gard to servi- draw 2-5ths of all money earned, and 3-5ths
ces prior to
the change.   the balance was to be shared by them the pi-
lots. In this contract they agree to make the
plaintiff their agent, to collect debts for them,
allowing a commission of 5 per cent. to him
on collections, 2 1-2 per cent. for money ad-
vanced, and 1 1-2 for all purchases made in
produce for the boats, which were to be used

as above stated. The plaintiff alleges that

Mr. Linton and one Holman, purchased a schooner called the Eliza, in partnership, which was for some time used in the piloting business, but his partners had failed to account with him, or pay any of the profits which were derived from the use of the vessel, and prayed a dissolution of the partnership and final settlement of accounts. He afterwards dismissed his suit so far as it related to Hollman.

In this mixed state of a suit, against the pilots to compel them to comply with the engagements they had entered into, (with each other,) for the benefit of the plaintiff, and also to compel Linton to pay over to him as part owner of the boat, his share of the 2-5ths earned and to dissolve the partnership, the cause was submitted to a jury in the court below, who found a verdict for the plaintiff for $1500; an appeal was taken and the judgment of the district court was reversed, on account of the plaintiff having blended two distinct causes of action, against persons owing on different claims. The case was remanded for a new trial and previous to entering thereon, the plaintiff discontinued so much of his petition, as prays for a dissolution of the partnership

Eastern Dist
March, 1828.

THOMPSON
vs.
LINTON &AL
and sale of the schooner therein mentioned, and the cause seems to have been proceeded in exclusively in relation to his claim for damages occasioned by a breach of the contract made and entered into between the pilots themselves, in which they stipulated to employ him as their agent; and to recover his third part of the 2-5ths which was earned by the Eliza, as being owner to that extent: also the amount advanced to and paid for the benefit of the defendants.

The plaintiff was not a party directly to the contract under which he claims the advantages which might have resulted from his services in collecting debts, advancing money and purchasing provisions. It was a stipulation made in his favor in consideration of services to have been by him performed; but in its origin wholly voluntary on the part of the defendants, who had a right to change their will in this respect, so as not to injure the person employed by them, in any thing which had been done by him previous to such change.

As a company, they are answerable to him for his proportion of the money earned by the use of the schooner Eliza, being 1-3d of 2-5ths, and also for money advanced to them and articles furnished, &c.

In the last trial in the district court, the

cause was submitted to a jury, who found a verdict for the defendants, on which judgment was rendered and the plaintiff appealed.

The decision of the case depends exclusively on questions of fact, as supported by the evidence. The appellant relies principally on the testimony, drawn from Brower, one of the defendants, by interrogatories, to shew that the jury erred. In support of the verdict the appellees rely on that of Copping, a witness on their part. This witness swears that he paid to the plaintiff $154,50; and that the sum thus paid, was in full for his share of the profits in the schooner Eliza, which had accrued up to the 7th of September, 1825.

Brower's testimony does not establish any certain amount, as owing by the defendants to the plaintiff; it is wholly indefinite both as to what may be due on account of the gains of the Eliza, and in consequence of purchases and advances made for the use of the appellees.

The record furnishes no evidence by which it can be clearly ascertained that the jury have erred in their conclusion on the facts of the case.

It is therefore ordered, adjudged and de-

creed, that the judgment of the district court

be affirmed, with costs.

*Pierce* for the plaintiff, *Preston* for the defendants.